# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION


ROLAND CHARLES BROCKRIEDE,

                    Petitioner,                    Case Number: 2:08-CV-14050

v.                                        HON. STEPHEN J. MURPHY, III

SHERIFF RON KALANQUIN,

                    Respondent.

                                                /

## OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND (2) DENYING PETITIONER'S REQUEST FOR PRELIMINARY INJUNCTION

Petitioner Roland Brockriede has filed a *pro se* petition for a writ of habeas corpus. He is currently incarcerated at the Lapeer County Jail in Lapeer, Michigan. Because Petitioner has not yet exhausted his state court remedies with respect to the claims asserted in his habeas petition, the Court shall dismiss the petition without prejudice.

## I.

Petitioner's habeas corpus petition is confusing and rambling, making it difficult to ascertain the substance of Petitioner's claims. As best the Court can determine, Petitioner is currently incarcerated at the Lapeer County Jail awaiting trial on charges of violating several personal protection orders. Petitioner states that he has been in custody since August 12, 2008. He appears to challenge the legality of this custody on the following grounds: (i) he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (ii) he was not presented with a formal complaint; (iii) the Lapeer County Circuit Court lacks jurisdiction; (iv) his arrest deprived Petitioner of his First, Fifth and Sixth Amendment rights; and (v) the personal

protection orders upon which his arrest was based are invalid.

## II.

As an initial matter, Petitioner has entitled his habeas petition "Affidavit in Bill of Particulars to Claim and Support Article III in Equity Writ of Habeas Corpus." He does not specify whether he files the petition pursuant to 28 U.S.C. § 2254 or § 2241. Section 2254 is an appropriate avenue for habeas corpus relief where a petitioner claims to be "in custody pursuant to the judgment of a State court" in violation of the Constitution. 28 U.S.C. § 2254(a). In the pending case, Petitioner is awaiting trial and therefore is not incarcerated pursuant to a state court judgment. Pretrial petitions are properly brought under 28 U.S.C. § 2241 which applies to persons who are in custody without regard to whether final judgment has been rendered. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546, n.1 (6th Cir. 1981). Thus, this Court will construe the petition as having been filed pursuant to 28 U.S.C. § 2241.

## III.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. The

claims presented in the habeas petition are unexhausted and therefore do not present grounds

upon which this Court may grant habeas relief at this time. Accordingly, the petition will be

dismissed without prejudice.

**B.**

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner

first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of

constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity

reduces friction between the state and federal court systems by avoiding the unseemliness of a

federal district court's overturning a state court conviction without the state courts having had an

opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999) (internal quotation omitted). State prisoners in Michigan must raise

each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking

federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner, who is awaiting trial in state court, has failed to allege exhaustion of state

court remedies with respect to any of his claims. The Court notes that, while a federal court may

address certain claims on habeas review before a trial is held in state court, exhaustion of state

court remedies is still a prerequisite for consideration of such claims. *See Atkins,* 644 F.2d at

548 (holding that federal court could address pretrial petition raising speedy trial claim where

Michigan Court of Appeals and Michigan Supreme Court had each addressed the speedy trial

claim on interlocutory appeal); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D.

Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations

where petitioner failed to provide state courts with initial opportunity to pass upon claims). The burden of establishing exhaustion of state court remedies rests with a habeas petitioner. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003). Petitioner has failed to allege that he has exhausted his claims in state court.

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court. Similarly, this is not an extraordinary case justifying removal of the case from state court.

Thus, the Court shall dismiss the petition without prejudice for failure to exhaust state court remedies.

## IV.

Also before the Court is Petitioner's "Affidavit in Bill of Particulars to Claim and Support an Article III in Equity Preliminary Injunction Pursuant to FRCP 65(a)." This pleading is also confusing and rambling. Petitioner appears to argue that Frank and Beverly Clark are attempting to unlawfully evict him from his residence. He alleges that "the quagmire is controlled and operated by the Machiavellian Puppeteers the Michigan Attorney General and His Gang of Thugs." Petitioner's Affidavit at 10. Petitioner further claims that the attempted eviction is somehow related to the allegedly unlawful arrest which forms the basis for his habeas corpus petition, though the purported nexus between the two is a mystery to the Court.

A court generally must consider the following four factors in deciding whether to issue a

4

preliminary injunction:

> (1) whether the movant has shown a strong or substantial likelihood of success on the merits;

> (2) whether the movant has demonstrated irreparable injury;

> (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and

> (4) whether the public interest is served by the issuance of an injunction.

*Rock and Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 754 (6th Cir. 1998).

Considering the four factors enumerated above, Petitioner is not entitled to injunctive relief. First, given that the Court is summarily dismissing the petition, that the basis for Petitioner's claims is not entirely clear, and that the relationship between the request for a preliminary injunction and the habeas petition is questionable at best, Petitioner has not shown a strong or substantial likelihood of success on the merits. Second, Petitioner has not shown that he will suffer irreparable injury if he is required to exhaust his remedies in state court. Third, the issuance of a preliminary injunction would interfere with the state court process without substantial justification for doing so. Finally, issuing an injunction would not serve the public interest.

## V.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's request for a preliminary injunction [dkt. # 2] is **DENIED**.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager